**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 6, 2012

No. 11-50413
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL MELGOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-900-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Melgoza, a detention officer at the Bexar County Detention Center
(BCDC), appeals his convictions for depriving a person of civil rights with bodily
injury while acting under color of state law in violation of 18 U.S.C. § 242 and
making false entries in a document with the intent to obstruct a federal
investigation in violation of 18 U.S.C. § 1519. Melgoza was convicted by a jury
of violating § 242 and § 1519 in relation to an assault on Joe Sanchez, an inmate
at the BCDC.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Melgoza argues that the evidence was insufficient to support his convictions. He asserts that the evidence presented at trial did not prove beyond a reasonable doubt that he assaulted Sanchez, that he caused bodily injury to Sanchez, or that he made false statements in his use-of-force report regarding the incident. He maintains that there was no direct or physical evidence showing that he kicked or struck Sanchez and falsely reported that he had not. In support of this argument, Sanchez cites to favorable testimony given at trial without mentioning unfavorable testimony. He maintains that the red mark on Sanchez's face could have been caused by Sanchez's face being on the ground while he was being restrained. The only challenges Melgoza makes to his § 1519 conviction are an argument that the evidence was insufficient to support that conviction because there was insufficient evidence to prove that he kicked or struck Sanchez and his recitation of his testimony that his use-of-force report was truthful and accepted by his supervisor. He also suggests that the evidence was insufficient to support his convictions because the jury's verdicts were inconsistent because he was acquitted on charges relating to an incident with another inmate.[1]

Four witnesses testified that Melgoza unnecessarily and repeatedly kicked Sanchez in the face and head after he had been secured and had stopped resisting. This evidence was sufficient to support Melgoza's conviction under § 242 for willfully violating Sanchez's constitutional rights by subjecting him to excessive force. *See United States v. Brugman*, 364 F.3d 613, 616-18 (5th Cir. 2004). While Melgoza testified that he did not kick Sanchez or otherwise use excessive force against him, the jury was free to reject this evidence and accept the evidence of the other eyewitnesses. *See United States v. Williams*, 132 F.3d 1055, 1059 (5th Cir. 1998). Even if the jury's verdicts acquitting Melgoza on

---

[1] Because the evidence was sufficient to support Melgoza's convictions assuming arguendo that he properly preserved and briefed his claims, we do not reach the Government's arguments that Melgoza did not properly brief or preserve some of his claims.

charges regarding another inmate and convicting Melgoza of the offenses regarding Sanchez were somehow inconsistent, this does not invalidate the convictions because there was sufficient evidence to support the convictions. *See United States v. Gieger*, 190 F.3d 661, 664 (5th Cir. 1999).

Sanchez testified that Melgoza's kicks caused pain in his face, head, and ribs. A nurse at the BCDC stated that Sanchez had redness on his cheek shortly after the incident as a result of an injury. In the context of an officer assaulting an inmate or suspect who is not fleeing or resisting, evidence that the inmate suffered pain without any physical manifestation of injury is sufficient to prove bodily injury. *Brugman*, 364 F.3d at 618-19. Accordingly, the evidence was sufficient for the jury to find that the Government proved bodily injury. *See id.*

In his use-of-force report, Melgoza stated that he stepped on Sanchez's hand because Sanchez had a pen in his hand, and he did not state that he kicked Sanchez in the face or head. At trial, four witnesses testified that Melgoza kicked Sanchez in the face and head, and two witnesses stated that Melgoza's report was false. Thus, while Melgoza testified that he did not make any false statements, the jury was free to disregard this testimony and convict Melgoza on the § 1519 violation based upon the testimony of the witnesses who contradicted Melgoza's testimony. *See Williams*, 132 F.3d at 1059.

Melgoza argues that the district court abused its discretion by not granting him a mistrial based upon juror misconduct relating to exposure to mid-trial publicity. He asserts that the district court should have questioned all of the members of the jury regarding their exposure to mid-trial publicity. Melgoza merges a challenge to the denial of a mistrial with a challenge to the manner in which the district court dealt with the problem juror.

Melgoza moved for a mistrial based upon the possibility that a juror or jurors could believe that the removed juror was dismissed because he was in favor of Melgoza. Accordingly, we review this issue for abuse of discretion. *See United States v. Rasco*, 123 F.3d 222, 230 (5th Cir. 1997). Melgoza, however, did

not request that the district court question all of the jurors about their exposure to mid-trial publicity or move for a mistrial on this ground.  Accordingly, this issue is reviewed for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The newspaper article that one juror read did not mention any inadmissible prior convictions, and Melgoza has not shown that the article was actually prejudicial.  *See Rasco*, 123 F.3d at 230-31.  As the article was not innately prejudicial and Melgoza was acquitted on two of the four counts against him, Melgoza cannot show that the district court committed error, plain or otherwise, by not questioning all of the members of the jury. *See United States v. Manzella*, 782 F.2d 533, 541-43 (5th Cir. 1986).

The record shows that only two jurors were exposed to the dismissed juror's comments that indicated that he favored Melgoza.  Only one juror was present when the district court made the comment indicating that the dismissed juror might be incarcerated.  The district court questioned both exposed jurors about the dismissal of the juror.  One of the jurors stated that the dismissal of the juror would not affect her opinion on the merits of the case, and the other stated that it would not affect his opinion because he did not know what had happened.  The district court then instructed the entire jury that it should not consider in its deliberations that the juror was dismissed or why the juror was dismissed.  Given these facts, Melgoza has not shown that the district court abused its discretion by not declaring a mistrial.  *See Milam v. United States*, 322 F.2d 104, 110-11 (5th Cir. 1963).

AFFIRMED.

4